## DAVIES *vs.* STATE.

MURDER, FROM CHATTOOGA. Criminal Law. Murder. Circumstantial Evidence. Admissions. Charge of Court. Indictment. Bailiff. (Before Judge Branham.)

Jackson, C. J.—1. The evidence in this case was sufficient to show the defendant guilty of murder beyond a reasonable doubt, and the facts and circumstances proved excluded every other reasonable hypothesis except that of guilt.

2. The following charge of the court contains a correct statement of the necessity for proving the links in a chain of circumstances:

"When the guilt of the defendant depends on circumstantial evidence alone, the rule is that each separate fact or link which goes to make the chain of circumstances from which the deduction of guilt is sought to be drawn must be clearly proved, and a fact not clearly proved should not be considered as a part of the chain of circumstances, but should be rejected by the jury, and the circumstances proved must not only be consistent with the defendant's guilt, but they must exclude every other reasonable hypothesis than that of the defendant's guilt. If any one or more of the circumstances relied on by the State are not clearly proved, and for this reason you reject one or more of the circumstances relied on, then you will inquire whether the other remaining circumstances proved—if they are clearly proved—are consistent with defendant's guilt, and inconsistent with any other reasonable hypothesis than that of defendant's guilt. All essential facts and circumstances necessary to show the commission of the crime and so connect the defendant therewith as the party committing the act must be proved."

3. The requests to charge, numbered from 1 to 8, in so far as they were proper to be given and so far as properly brought before this court for consideration, are substantially covered by the general charge.

4. The following charge, on the subject of motive for the commission of a murder, was correct: "You may inquire whether there was any motive on the part of the defendant to induce him to take the life of the deceased; and if there was any motive, what that motive was. If you find there was no motive on his part to commit the act, you may

consider it, especially if the evidence leaves the defendant's guilt at all doubtful, in deciding whether the defendant is guilty or not. Yet, if the evidence shows the commission of the crime, and you are satisfied beyond a reasonable doubt that the defendant committed it with malice aforethought, either expressed or implied, and if the circumstances are consistent with his guilt, and inconsistent with any other reasonable hypothesis than that of his guilt, then, though the evidence may not disclose a motive, you would be authorized to find the defendant guilty."

5. The exceptions to various portions of the charge are unfounded or immaterial or not hurtful when read and considered with the balance of the charge.

6. There was no error in admitting evidence of various statements of the defendant, especially those made to the sheriff denying having shot any gun where the firing was heard, it not appearing that there was anything done by the officer to excite the slightest fear or hope. Nor was there error in the charge on the subject of the admissions and statements of the accused and the cautions and remarks thereon.

7. The charge, as a whole, was full and fair.

8. A special plea to the effect that the indictment was improperly delivered to the court, being brought into the court by the bailiff of the grand jury, but not alleging that it had been tampered with or was out of the bailiff's hands from the time he left the grand jury room until he delivered it to the court, or that there was any improper conduct on his part, was properly stricken on demurrer. Code, §3716.

Judgment affirmed.

Dabney & Fouch; J. M. Bellah, for plaintiff in error.

Clifford Anderson, Attorney General, by brief; C. T. Clements, Solicitor General, for the State.